Shawn C. RILEY, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 02–3016.

United States Court of Appeals,
Federal Circuit.

May 13, 2002.

Before MICHEL, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Shawn C. Riley appeals the final decision of the Merit Systems Protections Board affirming his removal from the United States Postal Service for unacceptable conduct. Because substantial evidence supports the Board's decision, which is not arbitrary, capricious, or an abuse of discretion, this court *affirms*.

## I.

Before his removal in June 2000, Mr. Riley worked for the Postal Service in Dearborn Heights, Michigan as a city carrier. Mr. Riley was absent from work with unscheduled leave on March 27–28, 2000. When he returned to work on March 30, 2000, his supervisor Mark Taurence called a meeting with him and Union Steward Ian Mair. At the meeting, Mr. Taurence asked Mr. Riley for documentation substantiating the reason for his absence on March 27–28. Mr. Riley produced a doctor's note excusing his absence for March 28. Mr. Taurence then told Mr. Riley that he would not be paid for March 27 and handed him a letter of warning for attendance irregularities. Upon reading the letter, Mr. Riley allegedly became very upset and refused to acknowledge receipt of the letter by signing it. When Mr. Taurence approached Mr. Riley to retrieve the letter, Mr. Riley allegedly stepped within six inches of Mr. Taurence's face and went "toe-to-toe" with him, and called him a "faggot ass mother f—ker." Mr. Taurence testified that he felt threatened

by Mr. Riley and backed away from him. Mr. Mair asked Mr. Riley to retract his statement and apologize to Mr. Taurence, but Mr. Riley refused to do so. Mr. Taurence then told Mr. Riley that he would be placed on emergency suspension pending removal and ordered Mr. Riley to clock out and leave the building. According to Mr. Taurence, Mr. Riley kept "ranting and raving," saying, among other things, that he had "called EEO" and they were going to have Mr. Taurence "housed." Mr. Riley refused to leave until Mr. Taurence picked up the phone to call postal inspectors.

On May 2, 2000, Mr. Riley received a Notice of Proposed Removal (Notice) indicating his conduct on March 30, 2000 violated section 666.2 of the Employee and Labor Relations Manual and the Postal Service zero tolerance policy. The Notice also cited four previous disciplinary matters: (1) a sixty-day suspension for unacceptable conduct per a February 10, 1999 Merit Systems Protection Board (Board) settlement agreement; (2) a letter of warning for attendance dated June 25, 1997; (3) a seven-day suspension for unacceptable conduct dated December 14, 1995; and (4) a fourteen-day suspension for unacceptable conduct dated September 6, 1995. Mr. Riley responded to the Notice in person accompanied by his union representative. Mr. Riley generally did not dispute the allegations of the charge. He maintained, however, that the proposed penalty was too severe because it improperly considered his past disciplinary actions and was the product of harassment.

On June 20, 2000, Thomas Halcisak, Manager, Post Office Operations, Detroit District, issued a Letter of Decision (Letter) removing Mr. Riley from the Postal Service effective June 30, 2000, finding that the charge in the Notice was fully supported by the record. Mr. Halcisak further found that Mr. Riley's previous

instances of similar conduct demonstrated Mr. Riley's lack of control and self-discipline.

Mr. Riley appealed his removal to the Board on June 28, 2000, alleging that the Postal Service improperly considered past disciplinary actions and removed him in reprisal for protected activity, namely, his prior appeal to the Board. The administrative judge held a hearing on September 6, 2000, and issued an initial decision affirming Mr. Riley's removal on November 16, 2000. In the initial decision, the administrative judge found Mr. Taurence's testimony more credible than Mr. Riley's testimony. The administrative judge also found that Mr. Taurence's testimony was corroborated by Mr. Mair's testimony and supported by substantial evidence. Mr. Riley filed a petition for review of the initial decision to the full Board. In a final order dated July 19, 2001, the Board denied Mr. Riley's petition for review and rendered the initial decision final.

Mr. Riley appealed to this court, which has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. IV 1998).

## II.

This court must affirm any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

■ An agency, such as the Postal Service, must establish three things to withstand challenge to an adverse action against an employee. *Pope v. United States Postal Serv.*, 114 F.3d 1144, 1147

(Fed.Cir.1997); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 728–729 (Fed. Cir.1998) (Plager, J., concurring) (citing *Pope*). First, the Postal Service must prove, by a preponderance of the evidence, that the charged misconduct occurred. 5 U.S.C. § 7701(c)(1)(B) (1994). Second, the Postal Service must establish a nexus between that misconduct and the efficiency of the service. 5 U.S.C. § 7513(a) (1994); *Hayes*, 727 F.2d at 1539; *Brown v. Dep't of Navy*, 229 F.3d 1356, 1358 (Fed.Cir. 2000). Third, it must demonstrate that the penalty imposed is reasonable. *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 306–307 (1981).

### A.

The Board sustained the charge against Mr. Riley on March 30, 2000. The Board found unacceptable Mr. Riley's disruptive, disrespectful response to Mr. Taurence's discussion of Mr. Riley's attendance problems. On appeal, Mr. Riley does not dispute the findings of fact related to his misconduct.

As part of the second inquiry, the Postal Service must show, by a preponderance of evidence, that Mr. Riley's misconduct is "related to his job-related responsibilities so that [ ] removal promotes the efficiency of service." *Allred v. Dep't of Health & Human Servs.*, 786 F.2d 1128, 1130 (Fed. Cir.1986); *see also* 5 U.S.C. § 7701(c)(1)(B); 5 U.S.C. § 7513(a) (1994 & Supp. IV 2000). To satisfy this requirement, the Postal Service must show a nexus between Mr. Riley's misconduct and the Postal Service performance of its functions. *Brown*, 229 F.3d at 1360.

■ An adverse action promotes efficiency of service when the basis for the action either relates to the employee's ability to accomplish his duties satisfactorily or to some other legitimate government

interest. *Hatfield v. Dep't of Interior*, 28 M.S.P.R. 673, 674 (1985). Disruptive behavior is inherently inimical to the efficiency of the service. Under applicable law, federal employees are expected to respect authority and to follow the orders of supervisory officials. *Bennett v. Dept. of Air Force*, 84 M.S.P.R. 132, 141 (1999); *Lewis v. Dept. of Veterans Affairs*, 80 M.S.P.R. 472, 475 (1998). Disrespectful conduct toward a supervisor is unacceptable and is not conducive to a stable working atmosphere. *Webster v. Dept. of Army*, 911 F.2d 679, 688 (Fed.Cir.1990); *Wilson v. Dept. of Justice*, 68 M.S.P.R. 303, 310 (1995). In this case, Mr. Riley's behavior toward his supervisor Mr. Taurence was disrespectful and disruptive to the work place. Thus, the Board found a reasonable nexus between Mr. Riley's actions and the efficiency of service.

### B.

In reviewing an agency's penalty decision, the Board is required to ascertain whether the agency has responsibly balanced the factors delineated in *Douglas v. Veterans Admin.*, 5 MSPB at 332–333, 5 M.S.P.R. 280. Neither the Board nor this court decides what penalty the agency should have chosen. *Hayes*, 727 F.2d at 1539. Rather, they have a duty to decide whether the agency has selected a penalty within the "tolerable bounds of reasonableness." *Mitchum v. Tenn. Valley Auth.*, 756 F.2d 82, 84 (Fed.Cir.1985); *Hayes*, 727 F.2d at 1540. As stated by this court in *Dominguez v. Dep't of Air Force*, 803 F.2d 680, 684 (Fed.Cir.1986):

> [T]he court cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis

demonstrating reasonableness. (Citation omitted.)

With regard to the *Douglas* factors, Mr. Riley contested the reasonableness of his removal penalty by citing to the Board that: (1) his removal constitutes a reprisal for protected activity; (2) his removal constitutes disparate treatment; and (3) the Postal Service improperly considered the past disciplinary record cited in the Notice of Proposed Removal.

To establish a claim of reprisal for protected activity in violation of 5 U.S.C. § 2302(b)(9), Mr. Riley must prove that: (1) he engaged in protected activity; (2) the accused official was aware of the protected activity; (3) his removal from employment could, under the circumstances, have been retaliation; and (4) there is a genuine nexus between the retaliation and the agency decision to remove him. *Warren v. Dept. of Army*, 804 F.2d 654, 656 (Fed.Cir.1986). As part of his burden of proving a causual connection between protected activity and his removal from employment, Mr. Riley must prove that the retaliatory motive was a significant or substantial factor in the Postal Service's decision to remove him. *Rockwell v. Dept. of Commerce*, 39 M.S.P.R. 217, 222 (1988).

Mr. Riley claims that his removal by the Postal Service constitutes a reprisal for his engaging in protected activity, namely, filing an appeal to the Board. In July 1998, Michael Taurence, Mr. Taurence's brother, removed Mr. Riley from employment for a verbal altercation with two superiors. Mr. Riley appealed to the Board. On the date of the hearing in that appeal, Mr. Riley and the Postal Service entered into a settlement agreement that reduced his removal to a sixty-day suspension.

As the Board noted, Mr. Riley has not explained why Michael Taurence would bear animosity against him as a result of

his prior appeal to the Board. Nor is there evidence that Michael Taurence suffered any adverse consequence as a result of that appeal. Hence, Mr. Riley has not established a retaliatory motive. On the other hand, the record supports that the Postal Service removed Mr. Riley because of his disrespectful and disruptive behavior on March 30, 2000 and his lack of potential for rehabilitation. In sum, Mr. Riley did not prove that a retaliatory motive was a significant or substantial factor in the Postal Service's decision to remove him. On appeal, Mr. Riley has not produced evidence that the administrative record is deficient or that the Board's conclusion was arbitrary or not otherwise in accordance with the law. Accordingly, this court holds that the Postal Service did not remove Mr. Riley in reprisal for protected activity.

■ For purposes of analyzing a disparate treatment claim, comparative employees must be similarly situated to Mr. Riley to the extent that all relevant aspects of their employment situations are nearly identical. *Richard v. Dept. of Defense*, 66 M.S.P.R. 146, 153 (1995). Mr. Riley cites two instances in 1998 involving letter carriers in the Dearborn Heights Post Office that did not result in removal. As the Board noted, those comparative employees were not as disrespectful or disruptive as Mr. Riley was in his confrontation with Mr. Taurence. Nor is there evidence that either of the comparative employees had a disciplinary record that included a sixty-day suspension for a verbal altercation with superiors. Thus, the Board did not err in ascribing no weight to Mr. Riley's disparate treatment argument. Furthermore, the inconsistency of a penalty with other cases is not dispositive where the penalty is appropriate to the sustained misconduct as this court perceives it to be in this case. *Rackers v. Dept. of Justice*,

79 M.S.P.R. 262, 283–84 (1998), *aff'd*, 194 F.3d 1336 (Fed.Cir.1999) (Table).

■ As to the third assertion, Mr. Riley alleges that the Postal Service cited disciplinary actions that were more than two years old in the Notice of Proposed Removal. Mr. Riley asserts that this violated the Collective Bargaining Agreement and a March 10, 2000 settlement agreement. Although the Notice cited four previous disciplinary actions, the Board relied only on the sixty-day suspension in its decision to affirm the Postal Service's removal action. *Riley v. United States Postal Serv.*, No. CH–0752–00–0660–I–1, slip op. at 9 (M.S.P.B. Nov.16, 2000). The Board found that the Postal Service issued the prior removal decision that resulted in the sixty-day suspension on July 2, 1998, less than two years before the instant Notice issued on May 2, 2000. The suspension was based on a verbal altercation with two superiors—misconduct that is very similar to the misconduct that forms the basis for the instant removal action. The suspension shows that Mr. Riley was clearly on notice of the gravity with which the Postal Service viewed disrespectful and disruptive behavior. Other than his eleven years of service, the record shows no mitigating circumstances that would excuse Mr. Riley's disrespectful outburst toward his supervisor on March 30, 2000. Accordingly, in view of the gravity of Mr. Riley's misconduct and his lack of potential for rehabilitation, the Board did not err in finding the Postal Service's removal of Mr. Riley reasonable.

III.

In sum, because the Board's decision to affirm the removal of Mr. Riley is not arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or

unsupported by substantial evidence, this court affirms.