**John M. VanFOSSEN, Petitioner,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.**

**Appeal No. 84–1220.**

United States Court of Appeals, Federal Circuit.

Dec. 5, 1984.

Peter B. Broida, Passman & Broida, Washington, D.C., argued for petitioner.

Joan M. Blumberg, Atty., Commercial Litigation Branch, Civil Division, Dept. of Justice, Washington, D.C., argued for respondent. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Asst. Director; Diane DiQuinzio, Dept. of Housing and Urban Development, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, DAVIS, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Petitioner VanFossen seeks review of a final decision of the Merit Systems Protection Board (Board), Docket No. PH07528310109, sustaining his removal for violating the standards of conduct. We vacate and remand.

## BACKGROUND

In July 1977, VanFossen, then a GS–12, multi-family appraiser for the Department of Housing and Urban Development (HUD or agency), requested and received from the area manager approval for outside employment (appraising single family residences for second mortgages). In December 1980, VanFossen became the Chief of the Valuation Branch, GS–13, supervising appraisals of both single and multi-family dwellings. Meanwhile, in July 1979, he formed Highlander Corporation which performed appraisals for a second mortgage firm, Freedlander, Inc., but he failed to include this information on his financial disclosure statements. All of Highlander Corporation's appraisals were for Freedlander and none involved HUD insured properties or multi-family projects. In addition, all of Freedlander's mortgages were second mortgages and none of its properties or mortgages have been HUD insured.

In October 1982, the agency removed VanFossen from his position as a supervisory appraiser based on three charges of violating the standards of conduct: engaging in outside employment without authorization; engaging in improper outside employment; and failing to disclose financial interests.

The agency requires employees to "obtain the prior approval of the appropriate Deputy Counselor before engaging in outside employment in the same professional field as that of the individual's official position." 24 C.F.R. § 0.735–204(c). Since VanFossen's approval came from the area manager instead of the Deputy Counselor (the agency's regional counsel), the Board found that the approval "was issued without authority and is null and void."

Because VanFossen was thus without proper authority for his outside employment the Board found he was also in violation of 24 C.F.R. § 0.735–204(a) in that the public might construe his private appraisal work as official work for the agency and might assume his appraisal activities were related to the mortgage lending business of HUD.

At the time of his removal VanFossen was 58 years old, was accredited by the International Society of Real Estate Appraisers as a Senior Residential Appraiser and a Senior Real Property Appraiser, and held a Ph.D. in business administration and an honorary doctorate in humanities. He was the author of many journal articles, a guest university lecturer, and an active participant in community charitable and fraternal organizations. As a HUD employee he never took a day of sick leave. He had never previously been the subject of disciplinary action and had received awards for outstanding performance. At the time of his discharge, VanFossen had nineteen years and eight months of federal service. Had he had twenty years, he would have been entitled to an immediate annuity, could have used a year of accumulated sick leave and would have had life and medical insurance.

## OPINION

VanFossen's principal assertion is that the Board failed properly to consider the mitigating circumstances and thus imposed a penalty that was so disproportionately harsh it was an abuse of discretion.

This court's scope of review is limited by 5 U.S.C. § 7703(c). We affirm a decision to dismiss a federal employee if the "decision complies with the applicable statute and regulations and [if] it has a rational basis supported by substantial evidence from the record taken as a whole." *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

On appeal the dispute centers on the effect to be given the 1977 authorization memorandum. The agency and the Board regarded it as a nullity. VanFossen argues that the Board did not properly consider his good faith efforts in getting approval for outside employment. We hold that the Board erred in failing to consider the authorization memorandum as mitigation.

VanFossen sought the authorization from his area manager as did a number of other employees. Not only did these employees apparently believe this was the ap-

propriate procedure, the area manager himself testified that he believed he had the authority to grant approval.

VanFossen actually received a memorandum of authorization and he had no reason to doubt its validity. The agency's regional inspector general testified that employees had never been cautioned that letters authorizing outside employment signed by an area manager were nullities or would require reappraisal by area counsel. Indeed, it was not until April 1982 that the successor area manager notified employees that they must immediately contact the regional counsel about the validity of such letters.

Although the Board emphasized that the standards of conduct briefings instructed employees to direct to the regional counsel all questions of interpretation, there is no finding that VanFossen had any questions or knew that his actions were wrong. On its face the memorandum did not state it would be invalid if VanFossen became a supervisor and VanFossen testified that prior to April 1982 he had no reason to suspect its validity.

VanFossen made a good faith effort to follow the regulations, there is no indication the proper authority would have withheld permission, he reasonably relied on the authorization memorandum for more than four years, there was no monetary loss to the government and no actual conflict of interest, he fully cooperated with the investigators, and, on the demand of his supervisor, promptly terminated his outside work. Moreover, there is no evidence indicating that there was any public awareness of VanFossen's outside activities or whether they were properly authorized. Nor has the Board indicated how any public reaction would be affected by the source of the authorization. Under these circumstances it was error for the Board to dismiss the memorandum as a nullity.

In determining an appropriate penalty the Board is not required to articulate irrelevant factors, *Nagel v. Department of Health and Human Services*, 707 F.2d 1384, 1386 (Fed.Cir.1983), but failure to consider a significant mitigating circumstance constitutes an abuse of discretion. *Cf. Miguel v. Department of the Army*, 727 F.2d 1081, 1083–84 (Fed.Cir.1984). On remand the Board will consider the mitigating effect of the authorization memorandum in determining an appropriate lesser penalty.

VACATED AND REMANDED