847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara J. MAXIK, Petitioner,
v.
DEPARTMENT OF NAVY, Respondent.
 No. 87-3491.
 United States Court of Appeals, Federal Circuit.
 April 6, 1988.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Barbara J. Maxik (petitioner) petitions for review of the final decision of the Merit Systems Protection Board (board), Docket No. AT07528710053, affirming the Department of Navy's (agency) decision of removal. We affirm.
 
 OPINION
 
 2
 Petitioner was employed as a computer operator at the Naval Rework Facility, Cherry Point, North Carolina. She was removed from that position, effective June 16, 1986, for refusing to work in her assigned work place, disruptive behavior, failing to cooperate with her supervisors, and other actions adversely affecting the efficiency of the service. 5 U.S.C. Sec. 7513 (1982); 5 C.F.R. part 752 (1987). She appealed her removal to the board which, in an opinion rendered on January 21, 1987, sustained the agency's action. On June 12, 1987, petitioner's request for review by the full board was denied, and this appeal followed.
 
 
 3
 Petitioner alleges that she was unable to work in her assigned area because of allergies. This court must affirm a decision by the board unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). The Administrative Judge's decision reflects careful consideration of the facts presented. The agency presented substantial evidence indicating that petitioner's work area was safe, and her conduct was disruptive to the efficiency of the service. Although this court recognizes that allergies can sometimes affect an employee's performance, we find no reason to disturb the agency's action.
 
 
 4
 Petitioner further alleges that the penalty of removal was inappropriate for the misconduct charged. This court will not disturb an agency's penalty unless it is so harsh and unconscionable as to amount to an abuse of discretion, Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984), or it is "totally unwarranted." Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984).
 
 
 5
 The decision to dismiss need only have a "rational basis supported by substantial evidence from the record taken as a whole." VanFossen v. Department of Housing and Urban Development, 748 F.2d 1579, 1580 (Fed.Cir.1984). After finding that petitioner's conduct was disruptive to the efficiency of the service, the Administrative Judge correctly sustained the agency's action.
 
 
 6
 Lastly, petitioner asserts that the Administrative Judge erred in excluding certain proposed evidence and denying some of petitioner's proposed witnesses. The Administrative Judge found the witnesses and evidence denied irrelevant and/or unduly repetitious. Without a showing that these findings constitute an abuse of discretion, the Administrative Judge's actions must be upheld. Tiffany v. Department of the Navy, 795 F.2d 67, 70 (Fed.Cir.1986). Petitioner has not presented any argument which would indicate that the Administrative Judge abused her discretion, thus the ruling must stand.
 
 
 7
 NIES, Circuit Judge, concurring.
 
 
 8
 I concur in result.
 
 
 9
 The agency removed Maxik from her position for refusing to work in her assigned workplace. She defends her actions on the ground that her allergic condition, caused by contaminants in the workplace, justified her refusal to work. The issue in this case is whether Maxik had a reasonable belief that her presence at the workplace would result in her imminent death or serious injury.
 
 
 10
 The agency's evidence established that Maxik's workplace was safe and the medical evidence showed no connection between the work environment and her illnesses. The board's finding that she unreasonably believed her health was in danger if she worked in her assigned area is amply supported by the evidence and is not arbitrary or capricious. I would affirm the board's decision on that basis.