NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3268

JAMES R. HITE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  February 21, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

DECISION

James R. Hite petitions for review of the final decision of the Merit Systems

Protection Board ("Board") that affirmed the decision of the United States Postal Service

("Postal Service" or "agency") removing him from his position as a Part-time Regular

Mail Processing Clerk for unsatisfactory attendance. Hite v. U.S. Postal Serv., No. AT-0752-04-0598-I-1, slip op. (M.S.P.B. June 2, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

Mr. Hite was employed at the Lutz Post Office in Lutz, Florida. Between October of 2002 and February of 2003, he received three disciplinary letters on account of unscheduled absences and tardiness. Hite v. U.S. Postal Serv., No. AT-0752-04-0598-I-1, slip op. at 3 (M.S.P.B. Aug. 9, 2004) ("Initial Decision"). All three letters warned Mr. Hite that unscheduled leave, even if later approved, could result in disciplinary action. Id., slip op. at 3, 9.

On March 26, 2004, the agency issued Mr. Hite a letter notifying him that he would be removed from his position as a result of further unscheduled absences. The letter listed twenty-six occasions on which the agency alleged Mr. Hite had been late or absent between March of 2003 and February of 2004. Id., slip op. at 3-4. Like the previous letters, the March 26, 2004 letter noted that even though most of the absences were approved for pay purposes, the unscheduled absences were grounds for discipline.

The agency issued a decision letter on April 21, 2004, in which it declined to mitigate the removal of Mr. Hite from the Postal Service. In the letter, John F. Nangle, the Manager of the agency's Tampa District Operations, wrote that Mr. Hite's continued unsatisfactory attendance hurt productivity, increased cost, and was detrimental to employee morale. Mr. Nangle found that because of the time sensitive nature of Mr. Hite's duties, his absences negatively impacted the timely processing of mail and

required other employees to work overtime to compensate for his absences. Further, Mr. Nangle wrote that through the prior disciplinary letters, Mr. Hite had received notice that removal might result from his absences. Nothing in the record, Mr. Nangle noted, showed that Mr. Hite could be rehabilitated. Finally, Mr. Nangle reasoned that removal was appropriate because similar attendance deficiencies had resulted in removal in other cases.

Mr. Hite was removed from his position as a Part-time Regular Mail Processing Clerk for unsatisfactory attendance effective April 30, 2004. Id., slip op. at 1. He timely appealed to the Board for review of the decision to remove him.

II.

On appeal, the administrative judge ("AJ") affirmed the Board's decision to remove Mr. Hite, finding that the agency made a reasonable decision based on its consideration of the relevant factors. Id., slip op. at 10.

As a preliminary matter, the AJ examined each of the twenty-six absences listed in the March 26, 2003 letter. The AJ concluded that all but ten of the absences should not have been relied upon by the agency in its decision to remove Mr. Hite because they were approved under the Family Medical Leave Act ("FMLA") or approved in advance by Mr. Hite's supervisor. Id., slip op. at 4-5. However, the AJ found that the agency properly considered ten absences due to Mr. Hite's car trouble, non-FMLA approved illness, illness for which Mr. Hite did not timely file medical documentation, and jail time. Id., slip op. at 4-7.

After identifying the absences which could properly be considered by the agency, the AJ listed four relevant factors in cases for removal because of irregular attendance:

(1) the employee's history of attendance problems; (2) the employee's past disciplinary record; (3) the clarity of the notice provided to the employee that the employee's attendance was unacceptable; and (4) evidence showing misconduct was deliberate. Id., slip op. at 8 (citing Byers v. U.S. Postal Serv., 78 M.S.P.R. 456, 464 (1998)). The AJ found that the relatively short duration of Mr. Hite's employment with Postal Service (five to six years) and the notice provided by the agency that his unscheduled absences could result in discipline weighed in favor of upholding the agency's decision to remove Mr. Hite. Id., slip op. at 9. Although the AJ found that Mr. Hite's absences were not deliberate, he noted that Mr. Hite failed to use good judgment in resolving the problems that allegedly caused his absences. Id., slip op. at 10. The AJ noted that Mr. Hite's long history of absences and his failure to show remorse demonstrated that he would likely continue to have attendance problems. Id. Finally, the AJ found that satisfactory attendance was very important to the successful operation of the Postal Service. Considering the foregoing factors, the AJ found that removal was reasonable. Id.

Because the Board declined to grant Mr. Hite's petition for review, the Initial Decision became the final decision of the Board. 5 C.F.R. § 1201.113; Final Decision, slip op. at 2. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or

unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

An agency's penalty determination should only be overturned when "the agency failed to weigh the relevant factors, or . . . the agency's judgment clearly exceeded the limits of reasonableness." <u>Douglas v. Veterans Administration</u>, 5 M.S.P.R. 280, 306; <u>Lachance v. Devall</u>, 178 F.3d 1246, 1251 (Fed. Cir. 1999) ("We will not disturb a choice of penalty within the agency's discretion unless the severity of the agency's action appears totally unwarranted in light of all factors" (quoting <u>Mings v. Dep't of Justice</u>, 813 F.2d 384, 390 (Fed. Cir. 1987))). In <u>Douglas</u>, the Board identified twelve factors that may be considered in determining the reasonableness of a penalty. 5 M.S.P.R. at 305. The Board noted, however, that not all of the <u>Douglas</u> factors are pertinent in every case. <u>Id.</u> at 306. Thus, failure to recite irrelevant factors in a particular case is not an error. However, "failure to consider a significant mitigating circumstance constitutes an abuse of discretion." <u>VanFossen v. Dep't of Hous. & Urban Dev.</u>, 748 F.2d 1579, 1581 (Fed. Cir. 1984).

Mr. Hite challenges the decision of the Board not to mitigate the penalty imposed on him by the agency. He alleges that the Board erred by failing to consider the relevant <u>Douglas</u> factors for mitigating an agency penalty. Specifically, he claims that the Board failed to consider whether he was aware that his absences would lead to discipline and whether his absences were approved scheduled absences. He also challenges the Board's reasoning that his lack of remorse demonstrated that he would continue to be absent from work. Instead, Mr. Hite argues, he showed no remorse because he was unaware that he was doing anything wrong.

We conclude that the Board did not fail to consider either of the <u>Douglas</u> factors identified by Mr. Hite in his brief and therefore, did not abuse its discretion in upholding the agency's decision to remove Mr. Hite. The first <u>Douglas</u> factor that Mr. Hite alleges that the Board did not consider is whether he was aware that his absences were not approved scheduled absences that would lead to discipline. We reject this argument because the AJ specifically found that the three letters Mr. Hite received between October of 2002 and February of 2003 apprised Mr. Hite that his absences were unscheduled and therefore considered grounds for discipline. <u>Initial Decision</u>, slip op. at 3. Further, the AJ identified "the clarity with which the appellant was placed on notice that his attendance was unacceptable" as a relevant <u>Douglas</u> factor and specifically found that Mr. Hite was "placed on notice in connection with his prior disciplinary actions that unscheduled leave, even if approved, could result in disciplinary action." <u>Id.</u>, slip op. at 8-9. In short, the AJ considered whether Mr. Hite was put on notice that his unscheduled absences would lead to discipline.

Mr. Hite identifies a second <u>Douglas</u> factor, "whether the absences were not approved scheduled [absences]," that he claims the Board did not consider. Contrary to Mr. Hite's arguments that the AJ did not consider whether his absences were approved, the AJ examined each of Mr. Hite's absences individually and found, in fact, that the agency had erred in considering sixteen of them in its decision to remove Mr. Hite. The AJ determined that the remaining ten absences were unscheduled because Mr. Hite did not deny that they were unscheduled and because he acknowledged that particular absences were due to unforeseen events such as jail time and car trouble. <u>Initial</u>

<u>Decision</u>, slip op. at 6. Based on the foregoing, we think it is clear that the AJ considered whether or not Mr. Hite's absences were approved scheduled absences.

Further, the AJ did not err in upholding the agency's decision to remove Mr. Hite despite his finding that sixteen of the absences on which the agency's original decision was based should not have been considered by the agency. In <u>Lachance v. Devall</u>, 178 F.3d 1246 (Fed. Cir. 1999), we noted that when some of the original charges on which an agency based its decision to discipline an employee are not sustained, the Board must "independently <u>balance</u> the relevant <u>Douglas</u> factors with heightened sensitivity." <u>Id.</u> at 1257 (emphasis in original). We find that <u>Initial Decision</u> contains a careful balancing of the relevant <u>Douglas</u> factors and therefore, should not be overturned.

Finally, we reject Mr. Hite's argument that the Board erred when it cited his lack of remorse as showing "that [he] had no knowledge of doing wrong." The AJ found that Mr. Hite's lack of remorse and his feeling that he had done nothing wrong demonstrated that Mr. Hite would do nothing to correct his attendance problems given the chance. We do not find that this interpretation of the evidence was arbitrary, capricious, an abuse of discretion, obtained without lawful procedures or unsupported by substantial evidence.

We therefore find that the AJ considered the relevant <u>Douglas</u> factors and did not err in finding that the Postal Service's decision to remove Mr. Hite from his position based on his unsatisfactory attendance was within the bounds of reasonableness. For the foregoing reasons, the decision of the Board upholding the agency's decision to remove Mr. Hite is affirmed.

Each party shall bear its own costs.