NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3006

PHILLIP A. POWE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Arthur R. Ehrlich, Goldman & Ehrlich, of Chicago, Illinois, for petitioner.

Michelle A. Windmueller, Attorney, Appellate Division, United States Postal Service, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, and Lori J. Dym, Chief Counsel, Appellate Division, United States Postal Service, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3006

PHILLIP A. POWE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752060768-I-1.

_____

DECIDED: June 18, 2008

_____

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Phillip A. Powe was removed from his position as Supervisor of Distribution Operations at the United States Postal Service's Chicago Metro Surface Hub. He appealed his removal to the Merit Systems Protection Board ("Board"), which affirmed the agency's decision.[1] We affirm the Board's decision.

---

[1] Powe v. U.S. Postal Serv., No. CH-0752-06-0768-I-1 (M.S.P.B. Feb. 5, 2007) (initial decision); Powe v. U.S. Postal Serv., No. CH-0752-06-0768-I-1 (M.S.P.B. Aug. 17, 2007) (Board's denial of petition for review).

The scope of our review in an appeal from a decision of the Board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Powe's removal was based on two charges—failure to follow Postal Service regulations and policies regarding official travel by an employee with a cancelled government charge card, and unauthorized use of his wife's government travel charge card. Mr. Powe has stipulated to the charges against him and does not challenge the determination that the agency's penalty promoted the efficiency of the service, 5 U.S.C. § 7513(a). Accordingly, the only issue before the Board was whether the penalty of removal was within the bounds of reasonableness.

Mr. Powe contends that the Board abused its discretion when it sustained the penalty imposed by the agency because the deciding official, Mr. Anderson, failed to consider all the relevant Douglas factors. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981). One Douglas factor that the agency did not consider is the consistency of the penalty with those imposed on other employees for the same or similar offense. Mr. Powe, however, did not present any evidence of penalties imposed on other employees for similar misconduct. Without such evidence, the absence of which is unsurprising given the uniqueness of Mr. Powe's offense, neither the agency nor the Board was required to consider this factor. See Nagel v. Dep't of Health & Human Servs., 707 F.2d 1384, 1386-87 (Fed. Cir. 1983) (holding that only relevant factors must be considered).

Mr. Powe also argues that the agency failed to consider certain mitigating factors when determining the appropriate penalty. See VanFossen v. Dep't of Housing & Urban Dev., 748 F.2d 1579, 1581 (Fed. Cir. 1984) ("failure to consider a significant mitigating circumstance constitutes an abuse of discretion"). First, he contends that the agency should have considered that he was not clearly on notice that using his wife's card would violate Postal Service regulations and policies. Mr. Anderson, however, testified that Mr. Powe was aware of the policies and regulations pertaining to use of a government charge card and had stated that he would use personal funds to pay for his travel. Furthermore, although the relevant agency regulations and policies were outlined in the proposed removal letter Mr. Powe received, he testified that he did not inform Mr. Anderson in a subsequent meeting that he had been unaware of such regulations and policies at the time of his misconduct. Under these circumstances, we cannot say that the Board abused its discretion in affirming the removal despite the agency's alleged failure to consider this factor.

Mr. Powe further argues that the agency should have considered as a mitigating circumstance the fact that he did not charge any personal or unauthorized expenses to his wife's card. The agency's decision letter recites the various expenses charged to the card and acknowledges that that they were official travel expenses. The Board's decision also states that Mr. Powe used his wife's card to pay for official travel. That Mr. Powe charged only legitimate business expenses to the card was therefore part of the record, and there is no indication that the deciding official did not take this into consideration. Thus we cannot say that the Board abused its discretion by not mitigating the penalty based on this fact.

In addition, Mr. Powe contends that the deciding official erred in his consideration of one of the Douglas factors, the employee's prior disciplinary record, when he treated a prior disciplinary action as a removal, which was the penalty originally proposed, instead of as a letter of warning in lieu of suspension, the penalty ultimately imposed. It is clear from the record, however, that Mr. Anderson considered the circumstances surrounding the prior disciplinary action in their entirety, including the misconduct that led to the discipline and the agency's decision to reduce the penalty. On this record, the Board did not abuse its discretion in concluding that the deciding official properly considered Mr. Powe's prior disciplinary record.

Finally, Mr. Powe cites Miguel v. Department of the Army, 727 F.2d 1081 (Fed. Cir. 1984), as support for his claim that the agency and Board erred by focusing on the nature of his offense without considering the specific circumstances surrounding his conduct. In Miguel, we concluded there was an abuse of discretion because it was the policy of the deciding official in cases of theft to select the maximum penalty available even though the table of penalties provided that the penalty should be determined primarily by the value of the items stolen. As we later explained in DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed. Cir. 1984), there is no abuse of the type found in Miguel when the penalty is based on the particular facts of a case and a responsible balancing of the Douglas factors. Here both the agency and the Board carefully analyzed the relevant Douglas factors in light of the circumstances of Mr. Powe's case.

While we recognize the apparent harshness of the penalty imposed on Mr. Powe, we are limited in these cases by our standard of review. We "cannot and will not disturb

a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness." Dominguez v. Dep't of the Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986). Whether we would have selected a different penalty if we had made the original decision is irrelevant. Id. On the record in this case, which fully supports the findings made by the agency and the Board, we cannot say the Board abused its discretion in sustaining the agency's penalty of removal.

## COSTS

Each party shall bear its own costs.