NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARION J. BRISON,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2013-3067

---

Petition for review of the Merit Systems Protection Board in No. CH0752100869-I-1.

---

Decided: December 9, 2013

---

KENNETH J. HEISELE, Weprin, Folkerth & Routh, LLC, of Dayton, Ohio, argued for petitioner.

JANE W. VANNEMAN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before O'MALLEY, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

This petition for review relates to a decision by the Merit Systems Protection Board ("Board") to remove Marion J. Brison ("Ms. Brison") from federal service after being charged with inappropriate conduct towards a patient. For the reasons explained below, we affirm.

BACKGROUND

Ms. Brison was employed as a Diagnostic Radiologic Technologist at a Department of Veteran's Affairs ("VA") hospital in Dayton, Ohio. On September 14, 2009, a patient, Mr. C[1], was brought to Ms. Brison for a CT scan. Mr. C is an elderly WWII veteran who has several medical conditions.

As part of the scan, Ms. Brison had to position Mr. C's body. Ms. Brison was assisted that day by Ms. Hoerner. Both Mr. C and Ms. Hoerner reported that Ms. Brison's treatment of Mr. C during the procedure was rough and caused him distress. The VA Board of Investigation ("BOI") investigated the incident. The BOI concluded that Ms. Brison "was both physically and verbally abusive." J.A. 165. On January 25, 2010, Dr. Neil Katz proposed to remove Ms. Brison on the basis of two charges: (1) Ms. Brison was verbally abusive to Mr. C, and (2) Ms. Brison was physically abusive to Mr. C. Mr. Richardson on June 17, 2010, issued a decision to remove Ms. Brison. Ms. Brison appealed to the Board.

An administrative judge ("AJ") at the Board upheld the removal action. *Brison v. Dep't. of Veterans Affairs*, No. CH-0752-10-0869-I-1 (M.S.P.B. Oct. 7, 2011) ("*Initial*

---

[1] We refer to the patient as "Mr. C" to maintain his privacy.

*Decision*"). The AJ concluded that the VA proved a charge of "inappropriate conduct toward a patient," which it found was a serious charge warranting removal. *Id*. at 7. The full Board reviewed the AJ's decision, and with one modification relating to the length of Ms. Brison's service being a mitigating factor, concluded that the AJ's decision was correct. *Brison v. Dep't. of Veterans Affairs*, No. CH-0752-10-0869-I-1 (M.S.P.B. Dec. 3, 2011) ("*Final Order*").

Ms. Brison petitioned for review. We have jurisdiction pursuant to 5 U.S.C. § 7703.

DISCUSSION

Our standard of review requires us to "hold unlawful and set aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1547 (Fed. Cir. 1994). We will not overturn a Board decision as long as it is supported by relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (citing *Brewer v. U. S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981)).

According to Ms. Brison, the Board's decision overlooks evidence that contradicts the evidence upon which the Board relied to reach its conclusion. For example, Ms. Brison argues that Ms. Hoerner modified her conclusion from her earlier sworn statement and Mr. C's testimony conflicted with other testimony regarding the incident.

While Ms. Brison highlights some evidence that supports her arguments, substantial evidence still supports the Board's findings and conclusions. The substantial evidence includes sworn statements and testimony from Ms. Hoerner, Mr. C, and other individuals involved either

before or after the incident. Even Ms. Brison's central piece of contradictory evidence—a March 2010 letter from Ms. Hoerner in which Ms. Hoerner states that she "misjudged" the incident between Ms. Brison and Mr. C. (J.A. 213)—at best only diminishes Ms. Hoerner's original *conclusion* about the incident. But the letter never once refutes Ms. Hoerner's *narrative* describing what Ms. Brison did and said and how Mr. C reacted to Ms. Brison's actions.

Ms. Brison also argues that the Board is required to make findings on all relevant *Douglas* factors,[2] and that the Board failed to do so here. To support her argument, Ms. Brison cites to *Sekerak v. Railroad Retirement Bd.*, 101 F.3d 714 (1996), which cites to *VanFossen v. Dep't of Hous. & Urban Dev.*, 748 F.2d 1579 (Fed. Cir. 1984). *VanFossen* states that "[i]n determining an appropriate penalty the Board is not required to articulate irrelevant factors, but failure to consider a significant mitigating circumstance constitutes an abuse of discretion." *VanFossen*, 748 F.2d at 1581 (internal citations omitted).

We have considered *VanFossen*, and it does not help Ms. Brison's case. Unlike *VanFossen,* the Board here did not fail to consider a significant mitigating circumstance. Indeed, the deciding official addressed each of the *Douglas* factors in a detailed memorandum dedicated to that topic. J.A. 288–91. The Board then reviewed and considered the deciding official's memorandum and highlighted several relevant *Douglas* factors. *Initial Decision* at 12–13. The Board's decision explicitly states that "there were *no* mitigating circumstances lessening the seriousness of her misconduct," (*Initial Decision* at 13) (emphasis added) let alone a *significant* mitigating circumstance. In its

---

[2] *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280 (1981) outlines relevant factors to be considered when assessing penalties.

Final Order, the Board then reconsidered the *Douglas* factors and even reweighed the appellant's length of service as a mitigating factor, ultimately concluding that the Initial Decision was correct. *Final Order* at 21.

While the Board's explicit discussion of the *Douglas* factors is short and highlights only a few factors, we are not persuaded that this resulted in reversible error. We have previously noted our aversion to "ritualistic formality that is of no value to us in our review." *Nagel v. Dep't of Health & Human Servs.*, 707 F.2d 1384, 1386 (Fed. Cir. 1983). Indeed, we held in *Nagel* that "no reversible error was committed by the board . . . when it discussed only those factors listed in the *Douglas* case it deemed relevant." *Id.* at 1386–87. And we decline to upset a Board decision just because it does not explicitly address every reason behind the Board's action. *Id.* at 1387 (noting that "[a]lthough articulation of the reasons for an administrative action may lead to greater deference by a court, the agency action still is sustained unless found to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence").

## CONCLUSION

Ms. Brison advances several other arguments, but we find these arguments equally unpersuasive. We find no reversible error in the Board's decision and therefore *affirm*.

## AFFIRMED