NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES WILLIAM HARRINGTON, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2023-1722

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-21-0535-I-1.

---

Decided:  February 28, 2025

---

ROBERT JASON FOWLER, Covington & Burling LLP, Washington, DC, argued for petitioner.  Also represented by MICHELE PEARCE.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

Charles Harrington, Jr. appeals a final order from the Merit Systems Protection Board affirming his removal from the United States Department of Veterans Affairs for releasing confidential agency information.  We affirm.

## BACKGROUND

### I

Mr. Harrington, a police officer for the U.S. Department of Veterans Affairs ("VA"), was removed from his position on grounds that he disclosed a confidential police report to another former VA police officer, Carlton Hooker.

The police report concerned a disorderly conduct charge that the VA brought against Mr. Hooker.  Mr. Hooker sought a copy of the police report under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  His request was granted, but the FOIA response did not include a copy of the police report in its original format.  Instead, the FOIA response provided text lifted from the report, but not an actual copy of the report itself.  Although the FOIA response noted that "[a]ll information [was] provided in its entirety" and "[n]o portions of the requested record [were] withheld either in whole or in part," Mr. Hooker suspected that the VA withheld or falsified information in the report.  J.A. 1406.  So, he asked Mr. Harrington to obtain and send him a complete copy of the original report.  It is undisputed that the report was only accessible on a confidential, secured VA intranet server.  Later, without authorization, Mr. Harrington accessed the secured server, located the one-page report and took a photograph of the report, as displayed, with his personal phone, and sent the photograph to Mr. Hooker.

When the VA learned that Mr. Harrington had sent a picture of the report to Mr. Hooker, it brought charges

against him for conduct unbecoming of a federal police officer and violating VA information security rules and privacy policy. J.A. 2. It then removed him from his position based on 38 U.S.C. § 714.

Mr. Harrington appealed his removal to the Merit Systems Protection Board ("Board"). The Board upheld his removal and Mr. Harrington appealed to this court. This court vacated and remanded on grounds that Section 714 did not retroactively apply to the conduct underlying the charges.[1] *Harrington v. Dep't of Veterans Affs.*, 981 F.3d 1356, 1359 (Fed. Cir. 2020). On remand, the VA reinstated Mr. Harrington, but it removed him again based on the same charges but under a different statute, 5 U.S.C. Chapter 75.[2]

Mr. Harrington appealed the second removal to the Board. J.A. 11. An Administrative Judge ("AJ") determined that the second removal was reasonable and lawful. Mr. Harrington filed a petition for review, which the Board denied. J.A. 1–10. In its decision, the Board noted that Mr. Harrington admitted to the conduct underlying the charges. The Board rejected Mr. Harrington's argument that the AJ "failed to give any weight" to mitigating factors. J.A. 4. The Board found that the AJ considered several mitigating factors, including Mr. Harrington's length of service, his successful performance record, and his lack of

---

[1]    38 U.S.C. § 714 governs the removal, demotion, or suspension of employees at the VA. In *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1381–82 (Fed. Cir. 2020), we ruled that Section 714 cannot be used to sustain disciplinary actions for conduct occurring before its enactment, as was the case with Mr. Harrington's conduct here.

[2]    5 U.S.C. Chapter 75 is titled "Adverse Actions" and sets forth procedures for agencies to take adverse actions against federal employees, including removals, suspensions, reduction in grade or pay, and furloughs.

prior disciplinary actions.  The Board also addressed Mr. Harrington's argument that his conduct was not improper because, among other things, the police report was previously disclosed in the FOIA response.  The Board affirmed the VA's decision to remove Mr. Harrington.

Mr. Harrington appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## STANDARD OF REVIEW

Our review of Board decisions is limited.  5 U.S.C. § 7703(c).  We must affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  *Id.* The Board abuses its discretion when its "decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors."  *Tartaglia v. Dep't of Veterans Affs.*, 858 F.3d 1405, 1407–08 (Fed. Cir. 2017) (citation omitted).

## DISCUSSION

The primary issue Mr. Harrington raises on appeal is whether the Board abused its discretion by failing to consider mitigating circumstances, in particular his subjective belief that it was appropriate for him to share the report with Mr. Hooker.  Opening Br. 12.  Mr. Harrington asserts that this evidence mitigates the claim that his conduct was intentional and proves the offense was less serious.  He contends that the Board was not "at liberty to ignore [this] mitigating evidence."  Opening Br. 15.

## I

To determine whether the Board has abused its discretion by failing to consider a mitigating circumstance, we must first assess whether the identified evidence actually

constitutes a significant mitigating circumstance. *VanFossen v. Dep't of Hous. & Urb. Dev.*, 748 F.2d 1579, 1581 (Fed. Cir. 1984) ("[F]ailure to consider a *significant* mitigating circumstance constitutes an abuse of discretion." (emphasis added)). We hold that Mr. Harrington's subjective belief is not such a significant mitigating circumstance.

Mr. Harrington argues that his subjective belief that his conduct was lawful is evidence that his actions were unintentional, which in turn mitigates the seriousness of his offense. The government argues that Mr. Harrington's subjective belief is not evidence of mitigation because the charges brought against him involve intentional conduct. The government contends *Vestal v. Department of Treasury* is instructive on this issue. 1 F.4th 1049 (Fed. Cir. 2021); Appellee Br. 21. We agree.

In *Vestal*, the Internal Revenue Service removed an agent for disclosing confidential taxpayer information to an unauthorized person despite her belief that she was permitted to share the information with the recipient because he was her attorney. *Vestal*, 1 F.4th at 1052. We acknowledged that whether a disclosure was intentional is relevant to the nature and seriousness of the offense (*Douglas* factor 1). *Id.* at 1055; *see also Douglas v. Veterans Admin.*, 5 M.S.P.B. 313, 332 (1981) (setting forth twelve factors, the "*Douglas* factors," to assess the reasonableness of a penalty levied for employee misconduct). But we clarified that the appellant's "removal was properly predicated on her intention to disclose the information to [the recipient] and did not depend on whether she knew that the disclosure was wrong." *Vestal*, 1 F.4th at 1055.

Here, as in *Vestal*, Mr. Harrington's removal was predicated on his intention to disclose the police report and not on whether he had a reasonable belief that disclosure of the report was wrong. We cannot say, therefore, that evidence of Mr. Harrington's subjective belief amounts to a

"significant mitigating circumstance" and that the Board's purported failure to consider it was an abuse of discretion. *See VanFossen*, 748 F.2d at 1581.

## II

We also conclude that, contrary to Mr. Harrington's argument, the record establishes that the Board did not fail to consider Mr. Harrington's mitigation argument. Notably, the Board considered Mr. Harrington's concession that he purposely shared the photograph with Mr. Hooker. The Board addressed the FOIA disclosure and referenced Mr. Harrington's testimony before the AJ. Mr. Harrington testified that he believed there was "no harm" in disclosing information that Mr. Hooker already possessed. J.A. 2334 (1:09:24–1:10:55). The Board also addressed several *Douglas* factors to assess the reasonableness of the removal penalty.[3] *Douglas*, 5 M.S.P.B. at 332. This court has long held that an agency need not consider all potentially mitigating circumstances. *Yeschick v. Dep't of Transp., Fed. Aviation Admin.*, 801 F.2d 383, 385 (Fed. Cir. 1986).

In sum, the Board found that "it strains credulity that [Mr. Harrington], a Police Officer, did not know that law enforcement reports should not be photographed and given to an individual outside of the agency." J.A. 4. Although the Board's final order does not explicitly characterize its discussion as an assessment of the seriousness of the offense leading to removal, it is clear the Board considered the circumstances Mr. Harrington now raises. "[W]e do not require perfect explanations," and "we will uphold a decision of less than ideal clarity if the agency's path may

---

[3] The *Douglas* factors include, among other things, the nature and seriousness of the offense, the employee's job level and type of employment, the employee's past disciplinary record, and the employee's past work record including length of service. *Douglas*, 5 M.S.P.B. at 332.

reasonably be discerned." *In re Nuvasive, Inc.*, 842 F.3d 1376, 1382–83 (Fed. Cir. 2016) (citation omitted).  Accordingly, we conclude the Board did not fail to consider this evidence.

## CONCLUSION

We hold that the Board did not abuse its discretion because its decision is not based on an erroneous interpretation of the law or unreasonable judgment, and that its factual findings are supported by substantial evidence. *Tartaglia*, 858 F.3d at 1407–08.

We have considered Mr. Harrington's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Board's decision.

## **AFFIRMED**

### COSTS

No costs.