862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael L. WHITESIDE, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 88-3110.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1988.
 
 Before MARKEY, Chief Judge, and RICH and BISSELL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. DA07528710237, affirming the Department of Justice, Immigration and Naturalization Service's removal of Michael L. Whiteside, is vacated and remanded for imposition of a lesser penalty.
 
 OPINION
 
 2
 The factors set forth in Douglas v. Veterans Administration, 5 MSPB 313, 331-32 (1981), provide guidance in determining the appropriate penalty for a particular case. Hayes v. Department of the Navy, 727 F.2d 1535, 1540 (Fed.Cir.1984). Although "the Board is not required to articulate irrelevant [Douglas ] factors, ... failure to consider a significant mitigating circumstance constitutes an abuse of discretion." VanFossen v. Department of Hous. & Urban Dev., 748 F.2d 1579, 1581 (Fed.Cir.1984) (citation omitted) (vacating the removal of an exemplary employee because the Board disregarded a prior approval to pursue outside employment as a relevant mitigating factor). Furthermore, the Board must ensure that "the agency has responsibly balanced the relevant factors in the individual case and selected a penalty within the tolerable limits of reasonableness." Mitchum v. Tennessee Valley Auth., 756 F.2d 82, 84 (Fed.Cir.1985). Here, the Board abused its discretion in failing to consider certain mitigating factors, by improperly balancing the relevant factors, and in affirming the imposition of the disproportionately harsh penalty of removal.
 
 
 3
 The administrative judge's discussion of Whiteside's exemplary disciplinary and work record indicates a consideration of some of the Douglas mitigating factors. The administrative judge failed, however, to consider additional significant mitigating factors. For example, the administrative judge did not consider whether Whiteside exhibited a potential for rehabilitation by reporting during his suspension suspect illegal aliens. Furthermore, although the administrative judge noted that "a lesser penalty may also have been appropriate," she failed to adequately address whether lesser penalties could deter similar future conduct. The administrative judge's determination that Whiteside's perception of the conflict of interest situation was irrelevant indicates a refusal to consider whether Whiteside's conduct was intentional or merely the result of poor judgment.
 
 
 4
 Additionally, the agency's and the administrative judge's preoccupation with the negative public scrutiny caused by the arrest of Whiteside evidences a failure to properly balance all the relevant Douglas factors. In balancing the factors, both clearly placed too much emphasis on the negative publicity issue because no consideration was given to the part played by other agency employees in this "screwed up mess."
 
 
 5
 MARKEY, Chief Judge, would affirm the decision of the Board.