862 F.2d 322
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stephen FAUCHER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3261.
 United States Court of Appeals, Federal Circuit.
 Oct. 25, 1988.
 
 Before EDWARD S. SMITH, NIES and PAULINE NEWMAN, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Stephen Faucher seeks review of the final decision of the Merit Systems Protection Board, Docket No. BN07528710144, sustaining the United States Postal Service's (USPS) decision to remove him from his position as a Distribution and Window Clerk, for assaulting a fellow postal employee. We vacate and remand for imposition of a lesser penalty.
 
 OPINION
 
 2
 Faucher, a ten-year employee with no record of previous disciplinary actions, seeks a reduction in his penalty from a removal to a suspension. The altercation between Garavel and Faucher was triggered by Garavel sending a post-con (a large metal cart filled with mail) from the loading dock into the building at a fast rate of speed, almost hitting Faucher. Faucher testified that he had reported similar incidents by Garavel to management, because of the potential for injury, but Garavel continued.
 
 
 3
 The Administrative Judge (AJ) considered mitigation, stating that in cases involving physical altercations, suspensions are more appropriate than removals when serious injury does not result, weapons are not used, the employee has a history of satisfactory performance, the agency does not rely on a prior disciplinary record, and there is an element of provocation. Faucher met all those requirements for mitigation except that the AJ found that Garavel's injuries were "serious" and "there was no element of provocation."
 
 
 4
 We review those factual findings to determine if they are supported by substantial evidence. See 5 U.S.C. Sec. 7703(c)(3) (1982). "The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). Regarding the finding of "no element of provocation," the record provides undisputed, credible evidence that Garavel had been routinely harassing Faucher in their work environment prior to the incident here. Garavel admitted that on several occasions he called Faucher "Stevie baby," in what Faucher described as a high-pitched, mocking voice. In addition to the taunting, Faucher testified Garavel would elbow Faucher in the ribs, causing him to drop mail he was sorting, as well as push the post-cons recklessly through the swinging doors without regard for the safety of those located behind the doors. Other incidents of harassment include remarks by Garavel to Faucher, and other Vietnam veteran postal workers, such as "Vietnam asshole" and "You big fucking war hero." Although the AJ assumed this course of conduct was true, she found that it showed no intent by Garavel to injure Faucher or attack him in this instance.
 
 
 5
 The incident that occurred here was undoubtedly the final straw which provoked Faucher to react. An eyewitness to the incident testified that he observed Faucher jump out of the way of the post-con as it rolled through the swinging doors. He also testified that the post-con rolled through the swinging doors faster than usual, and that Faucher would have been hurt if he did not "bail out" of the way. Likewise, Faucher testified that while he was pushing another post-con away from the swinging doors he heard a loud boom, turned, spotted the unattended post-con coming at him, and saw Garavel standing by the doorway "smiling" as he dove out of the way to avoid being hit. Faucher testified that, after avoiding being hit, he went out on the dock to "assert himself" and Garavel said, "What's the matter, Stevie?"[1] Upon reviewing the record, we conclude that the AJ's finding, that there was "no element of provocation," is not supported by substantial evidence. Hayes v. Dep't of the Navy, 737 F.2d 1535, 1537 (Fed.Cir.1984). Findings that Faucher was the "aggressor" and that he did not act in "self-defense" do not eliminate the element of provocation.
 
 
 6
 The AJ's finding that the "injuries sustained by Mr. Garavel were serious," is simply an unsupported conclusion. The only medical testimony was that the bloody nose and bruises, resulting from the pair falling to the floor during the scuffle, were not medically "severe" injuries. Indeed, when asked whether he got hurt, Garavel testified that he "had some bruises." Accordingly, we conclude that the AJ's finding that Garavel's injuries were "serious" is not supported by substantial evidence, and is arbitrary. See 5 U.S.C. Sec. 7703(c).
 
 
 7
 We note, in addition, a woeful inadequacy in the board's attempt to distinguish other incidences of scuffles wherein disciplinary action less than removal was taken, which consisted merely of conclusory statements that, for example, the incident occurred at a different agency location, or the incident occurred two years ago, or there was no showing that the incidents were as serious as the incident here.
 
 
 8
 In any event, having eliminated the two findings upon which the board's decision not to mitigate rested,[2] the decision cannot stand. Under the standard applied by the AJ, this case calls for a suspension, not a removal.
 
 
 9
 In sum, we hold that the board abused its discretion in failing to consider significant mitigating circumstances, see VanFossen v. Department of Housing & Urban Development, 748 F.2d 1579, 1581 (Fed.Cir.1984), and in affirming the imposition of the disproportionately harsh penalty of removal. Accordingly, we vacate the penalty of removal, and remand to the board with instructions to select a lesser penalty within the tolerable limits of reasonableness as required by Mitchum v. Tennessee Valley Authority, 756 F.2d 82, 84 (Fed.Cir.1985) and Douglas v. Veterans Administration, 5 MSPB 313, 333 (1981).
 
 Costs
 
 10
 Petitioner is entitled to costs.
 
 
 
 [1]
 The retort may also have included, "Too fast for you?"
 
 
 [2]
 The board's findings, we note, are directly opposite those of the Appeals Referee who, in deciding Faucher's state unemployment claim, found that the "only record of injuries was the alleged nosebleed," and that Faucher's actions, although misconduct, were not willful because he "merely reacted to the actions of his co-worker."