865 F.2d 268
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francis D. SPISAK, Petitioner,
v.
DEPARTMENT Of the AIR FORCE, Respondent.
 No. 88-3127.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1988.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Francis D. Spisak petitions for review of the decision of the Merit Systems Protection Board (MSPB or board), Docket No. 7528710312, sustaining his removal by the Department of the Air Force (Air Force). We vacate and remand for imposition of a lesser penalty.
 
 OPINION
 
 2
 Spisak was removed as Recreation Services Manager at the Wurtsmith Air Force Base on February 20, 1987, based on fifteen charges of alleged misconduct. In his appeal to the board, five charges were sustained and his removal upheld. Spisak here contests the board's decision with respect to the five sustained charges and further contends that in any event removal is excessive punishment.
 
 
 3
 The board's decision must be affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, obtained without procedures required by law, rule or regulation having been followed, or not supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). The board's decision upholding two charges of "theft/unauthorized use of government services" must be reversed under this standard of review. See Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982).
 
 
 4
 Spisak's failure to pay a $12.00 locker fee was, at most, a debt, not a "theft/unauthorized use of government services." Similarly, the use of government employees during their lunch break to assist in changing a tire on his car can hardly be raised to the level of "theft/unauthorized use of government services." The board's reasoning that "lunch breaks ... are provided by the agency ... for purposes of affording [employees] relief from their official government duties, not for the purpose of allowing employees to engage in additional labor for the personal benefit of their supervisors," is not supported by the Air Force Regulation, 40-610, which the board cites.
 
 
 5
 As to the remaining charges, the board found that Spisak used a government employee to assist him in doing personal shopping at the base commissary for approximately one to two hours. In mitigation, Spisak testified that he had worked several hours of off-duty time to take care of an emergency and was therefore late in shopping for a social function that evening. The Air Force categorized this action as "theft/unauthorized use of government services." The board also found that Spisak was not able to account for two instances of unauthorized absence from duty totalling seven hours. These charges are supported by substantial evidence.
 
 
 6
 An agency has discretion in determining an appropriate penalty. Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976), cert. denied, 444 U.S. 1044 (1980). Deference must be given to the administrative decision unless the penalty exceeds the range permissible under regulation or is so unreasonable as to be an abuse of discretion. Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984).
 
 
 7
 In this case, the penalty of removal is manifestly disproportionate and unreasonable. Only three of the five charges sustained by the board are affirmed and we are convinced that they are relatively minor. A penalty of not more than a 30-day suspension would fall within the tolerable limits of reasonableness for the charges that we affirm. See Mitchum v. Tennessee Valley Auth., 756 F.2d 82, 84 (Fed.Cir.1985); Douglas v. Veterans Admin., 5 MSPB 313, 332, 5 M.S.P.R. 280, 306 (1981). Air Force Regulation 40-750, Attachment 3, 23 July 1982, entitled "Guide to Disciplinary Actions," suggests reprimand as the appropriate penalty for the first offense of "unauthorized use of government property" and reprimand and five-day suspension for the first and second instances of unauthorized absence for eight hours or less.
 
 
 8
 Accordingly, the board's decision is vacated and the case is remanded to the MSPB with instructions to enter an appropriate order in accordance with this opinion. The petitioner is entitled to recover his costs.