878 F.2d 1444
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jane M. MOYLAN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3425.
 United States Court of Appeals, Federal Circuit.
 May 5, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Jane M. Moylan seeks review of the final decision of the Merit Systems Protection Board, Docket No. SF07528810108, sustaining the Department of the Navy's decision to remove her from her position as an occupational health nurse for unauthorized possession of a weapon on a military installation and for deliberate destruction of evidence in connection with an official investigation. We affirm-in-part, vacate-in-part, and remand for imposition of a lesser penalty.
 
 OPINION
 
 2
 Moylan contends that "[t]here was insufficient evidence to support the [two sustained] charges." We are unpersuaded of error, however, in this respect.
 
 
 3
 Because the AJ sustained only two out of four charges, the AJ considered mitigating the penalty, explaining that "when an agency's action is based on multiple charges which are not all sustained, the penalty is reviewed by the Board to determine whether the sustained charges warrant the penalty imposed by the agency." Moylan v. Department of the Navy, No. SF07528810108, slip op. at 8 (MSPB Mar. 16, 1988). With respect to the two sustained charges, the AJ specifically found that Moylan's inadvertent possession of a revolver on the base was not "serious." Id. at 9. Nevertheless, the AJ sustained Moylan's removal based on the charge of "destruction of evidence during an official investigation," which she said was "very serious." Id.
 
 
 4
 Moylan, an eighteen-year federal employee with no previous disciplinary actions, has been removed on essentially a single charge which, as written, sounds serious but, in fact, was not. Moylan was stopped during a routine vehicle check while exiting the military base where she worked. During the check, the base police found a .22 caliber revolver in a tote bag on the floor beside the front seat. While being detained after discovery of the gun, she used the restroom and admits to having flushed the unknown contents of a film canister down the toilet because she thought the contents might be drugs.
 
 
 5
 The previous night she had cleaned out an apartment at a late hour and had been to the dump, taking her gun with her. She forgot to remove the gun from her tote bag in rushing to work early the next morning. She testified that she had picked up the film canister at the dump; that she looked into the canister at work the next day; that she found materials she believed might be drugs; and that she intended to turn the canister over to the local police.
 
 
 6
 The record supports without contradiction that Moylan has been a dedicated professional nurse for twenty-six years, including service in the military, who lives with her husband and their young son. The witnesses attesting to her good character and charitable works are voluminous. Her son had had a bad experience with the base police two years before, when he and an older friend had turned in drugs they had found and the military police would not believe their explanation. Thus, Moylan wanted to get rid of the "evidence" to avoid another hassle. The police were holding her because of the gun, not because of drugs. It is not suggested that she was in violation of any rule or regulation by having the substance in her purse for delivery to the local police. Her offense was getting rid of it, whatever it was, not having it.
 
 
 7
 The AJ did not find Moylan lacked credibility and, indeed, none of the above is denied or even challenged by the agency. Terming Moylan's conduct "destruction of evidence in an official investigation" does not make it into the high offense which the same words could equally describe.
 
 
 8
 We must agree that Moylan made mistakes which warrant some discipline, but those mistakes do not justify anywhere near the level of penalty that has been imposed. The AJ abused her discretion in sustaining removal on the basis of the two charges the AJ sustained. See Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (penalty may exceed tolerable limits of reasonableness if it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion."). Accordingly, we vacate the penalty of removal and remand to the board with instructions to select a lesser penalty within the tolerable limits of reasonableness required by Mitchum v. Tennessee Valley Auth., 756 F.2d 82, 84 (Fed.Cir.1985), and Douglas v. Veterans Admin., 5 M.S.P.R. 280, 306 (1981).
 
 COSTS
 
 9
 Moylan is entitled to recover her costs.