**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JACOB B. DAY,
              Appellant,

              v.

DEPARTMENT OF AGRICULTURE,
              Agency.

DOCKET NUMBER
DA-0752-19-0078-I-3

DATE: February 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joshua A. Verde, Houston, Texas, for the appellant.

Stephanye Snowden, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt issues a separate dissenting opinion.

## FINAL ORDER

¶1    The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal from his Consumer Safety Inspector position to a 60-day suspension without pay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The administrative judge's findings regarding the charges, nexus, and affirmative defenses are unchallenged on review, and we discern no reason to disturb them. On review, the agency argues that the administrative judge erred in finding that the deciding official did not properly consider the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and also erred in finding that the agency's penalty determination was not entitled to deference. Petition for Review (PFR) File, Tab 8 at 5. Among other things, the agency asserts that, absent more, the fact that the agency did not receive complaints from an entity the appellant was charged with inspecting and that said entity wrote a letter praising the appellant are not mitigating factors. *Id.* at 22.

¶3        Before undertaking our review of the penalty, we note that, since the issuance of *Douglas* over 40 years ago, the Board and the U.S. Court of Appeals for the Federal Circuit have held that the Board's statutory power includes the authority to modify or reduce a penalty imposed on an employee by an agency's adverse action. *See, e.g.*, *Mitchum v. Tennessee Valley Authority*, 756 F.2d 82, 84 (Fed. Cir. 1985) (requiring an administrative judge to ascertain whether the agency responsibly balanced the relevant factors in the individual case and

selected a penalty within the tolerable limits of reasonableness); *Van Fossen v. Department of Housing and Urban Development*, 748 F.2d 1579, 1581 (Fed. Cir. 1984) (noting that the Board's failure to consider a significant mitigating circumstance constituted an abuse of discretion, and remanding for the Board to determine an appropriate lesser penalty). That authority is derived from 5 U.S.C. § 1205(a)(1), as enacted by the Civil Service Reform Act of 1978, which provides that the Board is authorized and directed to "take final action" on any matter within its jurisdiction. *Douglas*, 5 M.S.P.R. at 284, 296. Such authority is also consistent with the same broad authority that the former Civil Service Commission had, dating back to at least 1947, and that Congress wanted to "remain with the Board" upon its creation. *Id.* at 285-86, 290-94. Congress "clearly intended the Board to function in an independent, nonpartisan, quasi-judicial role," *id.* at 287, and exercise a "degree of independent discretionary judgment," *id.* at 298. In essence, and after briefing on the issue from a dozen Federal departments and agencies, four Federal employee unions, and the parties, the Board held that, although its authority to mitigate must be exercised with appropriate deference to agency management, it nevertheless has the authority to "mitigate penalties when the Board determines that the agency-imposed penalty is clearly excessive, disproportionate to the sustained charges, or arbitrary, capricious, or unreasonable." *Id.* at 284, 301-02 (further holding that the Board, like its predecessor Civil Service Commission, "will consider whether a penalty is clearly excessive in proportion to the sustained charges, violates the principle of like penalties for like offenses, or is otherwise unreasonable under all the relevant circumstances."). Thus, the Board's role "is essentially to assure that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness." *Id.* at 306. The ultimate burden is upon the agency to persuade the Board of the appropriateness of the penalty imposed. *Id.* at 307.

¶4    We understand the agency's argument that the views of an entity an employee is charged with inspecting are not mitigating factors and thus, the deciding official's failure to consider them did not warrant the administrative judge not deferring to the agency's penalty determination. Nonetheless, we do not agree that the nature and seriousness of the appellant's misconduct outweighs the mitigating factors under the circumstances of this case. In particular, we note the de minimus nature of the appellant's misuse of the Government fuel card ($6.16 in a single incident),[2] and the small number of overtime hours improperly reflected on the appellant's time card (5 hours on two separate days). We also note the appellant's 11 years of service, his fully successful or exceeds fully successful performance ratings,[3] and the lack of any prior discipline of record.

¶5    Thus, we find that the maximum reasonable penalty for the appellant's misconduct is a 60-day suspension. *See, e.g.*, *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 13 (2000) (mitigating a removal of an FBI Special Agent for lack of candor during an administrative inquiry to a 120-day suspension, considering his satisfactory performance, lack of a prior disciplinary record, and letters of character reference), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002); *Banez v.*

---

[2] For reasons that are unclear, the agency brought three specifications of misuse of the fuel card, alleging each snack item improperly purchased by the appellant as a separate specification, even though the purchases occurred as part of the same transaction.

[3] The agency argues that the record does not support that the appellant received exceeds fully successful performance ratings. PFR File, Tab 1 at 22-23. Although the agency only provided the appellant's fully successful performance evaluations, the appellant testified that he received fully successful and exceeds fully successful performance ratings in prior years. *Day v. Department of Agriculture*, MSPB Docket No. DA-0752-19-0078-I-2, Appeal File (I-2 AF), Tab 11 at 5-15, Tab 40, Hearing Recording (testimony of the appellant). The administrative judge apparently credited the appellant's testimony regarding this matter. *Day v. Department of Agriculture*, MSPB Docket No. DA-0752-19-0078-I-3, Appeal File, Tab 7, Initial Decision at 2, 27. Regardless of whether the appellant's performance ratings were fully successful and/or exceeds fully successful, it is undisputed that the appellant's performance was, at minimum, an acceptable level and the deciding official testified that she considered the appellant's acceptable performance to be a mitigating factor. I-2 AF, Tab 45, Hearing Transcript at 52.

*Department of Defense*, [69 M.S.P.R. 642](#), 650-51 (1996) (mitigating a removal for misappropriation of Government property valued at $13.99 to a 60-day suspension based on the de minimis nature of the theft, the fact that it was the appellant's first offense in 26 years of service, his satisfactory performance, and his lack of custody and control over the item); *Stein v. U.S. Postal Service*, [57 M.S.P.R. 434](#), 441 (1993) (mitigating removal for falsification of production reports arising out of an "isolated incident" to a 60-day suspension based on the appellant's rehabilitation potential and the fact that it was the appellant's first offense in 16 years of service), *overruled on other grounds by White v. U.S. Postal Service*, [71 M.S.P.R. 521](#), 525-28 (1996).   Thus, we affirm the initial decision.

## ORDER

We ORDER the agency to cancel the removal and substitute in its place a 60-day suspension without pay.  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).   The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.   We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.   If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has

taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶9       No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶10      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

¶1      For the reasons explained below, I respectfully dissent from the majority opinion in this case.

¶2      The agency proposed to remove the appellant from his GS-9 Consumer Safety Specialist position based on three specifications of misuse of his Government-issued fuel card (by purchasing snacks), three specifications of fiscal irregularity (by claiming overtime pay for hours he did not work), and a single specification of lack of candor (by making statements regarding his use of overtime in an affidavit, which he later admitted were untrue).  MSPB Docket No. DA-0752-19-0078-I-2, Appeal File (I-2 AF), Tab 7 at 29-35.  After considering the entire record, including the appellant's oral and written replies to the proposal, the deciding official issued a decision upholding the removal.  *Id.* at 24-28.

¶3      Following the appellant's appeal to the Board, the administrative judge held a video-conference hearing after which he issued an initial decision finding all three charges and specifications sustained, and a nexus between those sustained charges and the efficiency of the service.  MSPB Docket No. DA-0752-19-0078-I-3, Appeal File, Tab 7, Initial Decision (ID) at 4-23, 26.  I agree with these findings.  The administrative judge further found, however, that the agency failed to establish the reasonableness of the penalty, and he mitigated the removal to a 60-day suspension.  ID at 26-33.  Unlike my colleagues, I do not agree with the administrative judge's decision to mitigate the penalty.

¶4      In reaching her decision, the deciding official noted as aggravating factors the seriousness of the charged misconduct; the appellant's job level and type of

employment, particularly the fact that he functions largely independently; that his misconduct compromised his supervisors' confidence in his ability to carry out the job duties set forth in his position description, including following directives, policies, and regulations; the consistency of removal with the agency's Guide for Disciplinary Penalties; that supervisory instructions regarding the proper coding of pay documents had been conveyed to him; his lack of potential for rehabilitation; and the lack of alternative sanctions that would effectively deter the type of misconduct the appellant committed and restore the agency's trust in him. I-2 AF, Tab 7 at 25-26. The deciding official considered the appellant's assertion that a 2006 head injury may have affected his memory and judgment, but ultimately concluded this did not constitute a mitigating factor, noting that the medical evidence he submitted did not establish a causal connection between his head injury and the sustained misconduct. *Id.* at 26. While acknowledging as mitigating factors the appellant's lack of a disciplinary record, his 11 years of Federal service, and his prior acceptable performance, the deciding official found it appropriate to uphold the proposed removal. *Id.*

¶5　　In mitigating the penalty, the administrative judge found that the agency's penalty determination is not entitled to deference because, in his view, the deciding official failed to properly consider all of the relevant *Douglas* factors. The administrative judge specifically noted the appellant's 11-year unblemished service record with the agency, during which time he consistently received at least fully successful performance ratings. ID at 27. Yet contrary to the administrative judge's finding, the deciding official specifically outlined her consideration of the 12 *Douglas* factors, I-2 AF, Tab 7 at 25-26, and, in so doing, mentioned all three of the aforementioned mitigating factors. *Id.* at 25. She simply found them outweighed by the many aggravating factors. I-2 AF, Tab 45, Hearing Transcript (HT) at 51-52. Although the administrative judge acknowledged the deciding official's mention of the mitigating factors, he found that she failed to establish that she "appropriately" considered them. ID at 27.

The administrative judge provided no support for his position that the deciding official did not sufficiently explain why the aggravating factors outweighed the mitigating factors in determining that removal was warranted. As I have repeatedly pointed out, such as in my dissents in *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 7, *Spivey v. Department of Treasury*, MSPB Docket No. CH-0752-16-0318-I-1, Final Order (Feb. 15, 2023), and *Williams v. Department of Health and Human Services*, MSPB Docket No. DC-0752-16-0558-I-1, (Feb. 24, 2023), it is not the Board's role to decide what penalty we would impose if we were the deciding officials. When the relevant factors have been considered by the agency, the Board may not re-weigh the factors or otherwise substitute its judgment for that of the agency.

¶6      The administrative judge also found that the deciding official failed to demonstrate that she appropriately weighed the mitigating factors because she appeared to enforce an impermissible per se removal rule as it relates to the charge of fiscal irregularities. ID at 28. Specifically, the administrative judge referred to the agency's Guide for Disciplinary Penalties, which provides for removal, as is here relevant, for a first offense of submission of falsely stated time logs when it results in personal benefit. I-2 AF, Tab 8 at 118. However, the agency's table of penalties provides that it is a "guide," and a "framework to assure consistent application of disciplinary actions throughout the Department." *Id.* at 116; *see Taylor v. Department of Veterans Affairs*, 112 M.S.P.R. 423, ¶ 10 (2009) (finding that an agency's table of penalties is merely a guide in the absence of a specific statement making it mandatory and binding, rather than advisory), *modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, 664 n.4 (2010). Moreover, although the deciding official noted in her letter of decision the provision in the table of penalties here at issue, I-2 AF, Tab 7 at 25, it is apparent from the remainder of the decision letter that she did not consider that removal was required based on her having sustained the fiscal irregularities charge. *Id.* at 25-26. Her discussion and weighing of all the

*Douglas* factors would have been unnecessary had she viewed removal as a per se requirement under these circumstances. And, as noted, in her testimony, the deciding official confirmed her consideration of all the *Douglas* factors. HT at 27-63.

¶7        The administrative judge also found that the agency failed to consider that the appellant's charged overtime was neither pervasive nor repetitive, that the improper charges to his fuel card were de minimis, and that the established lack of candor on the appellant's part was, in part, based on an old, unwritten policy. ID at 29-30. In addition, the administrative judge found that, during the time in question, the appellant was under stress from his pending divorce and child custody battle; that the agency did not allow him to resubmit his time cards or pay back the hours of overtime to which he was not entitled, thereby denying him an opportunity to rehabilitate his behavior; and that the deciding official did not explain why other sanctions would not be effective in deterring future misconduct or why the appellant lacked rehabilitative potential. *Id.* at 29-31. In the administrative judge's view, the deciding official considered the serious nature of the misconduct and its relationship to the appellant's position to the exclusion of all other relevant factors. *Id.* at 32.

¶8        Yet the Board has frequently stated that the nature and seriousness of the offense and its relation to the employee's duties, position, and responsibility, *is* in fact the most important factor in assessing the reasonableness of the penalty. *Singh v U.S. Postal Service*, 2022 MSPB 15, ¶ 18. The deciding official acknowledged that the seriousness of the appellant's conduct was the most important factor, noting that he occupied a position of autonomy. HT at 34, 51. Of the three charges, she found the lack of candor charge to be the most serious because it affected the trust of the appellant's supervisors. *Id.* at 27-28, 51. The Board has found that lack of candor is a serious offense that strikes at the heart of the employer-employee relationship. *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶¶ 28-29 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

¶9    The deciding official deliberately and thoroughly weighed all the *Douglas* factors, as evidenced by her letter of decision, I-2 AF, Tab 27 at 25-26, and reiterated in her hearing testimony, HT at 27-63.  Having done so, management's proper exercise of discretion should not be displaced, as the penalty of removal was not outside the tolerable limits of reasonableness.  By mitigating that agency-imposed penalty, the majority, based on its agreement with the administrative judge, is impermissibly substituting its judgment for that of the deciding official, thereby running directly contrary to *Douglas*.


/s/
_____
Tristan L. Leavitt
Member